**Patricia LOGAN, Plaintiff–Appellant,**

v.

**The NEW YORK CITY POLICE DEPARTMENT AND ITS INFORMANTS, Defendant–Appellee.**

**No. 05–3611–cv.**

United States Court of Appeals, Second Circuit.

March 14, 2006.

Patricia Logan, New York, N.Y., for Plaintiff–Appellant, pro se.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

In January 2005, Plaintiff–Appellant Patricia Logan, proceeding *pro se,* brought suit in the United States District Court for the Southern District of New York (Muka-

sey, *C.J.*) against the New York City Police Department and unnamed "Informants."[1] Logan alleged long-running mistreatment by the police, and in particular (1) that she was assaulted by a "female informant" in 1991, (2) that she was falsely arrested in 1994 and 1996, and (3) that the police had taken no action in response to a series of break-ins to her apartment in 2004 (possibly connected to another informant). Treating Logan's allegations as claims arising under 42 U.S.C. § 1983, the district court dismissed them, *sua sponte,* on various grounds, including improper venue, untimeliness, and failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). Logan appeals.

We assume the parties' familiarity with the facts, the procedural history, and the scope of issues on appeal.

We affirm on the opinion of the district court. We note that Logan stated at oral argument that the charges from her allegedly false 1996 arrest were dropped within twenty-four hours, removing any doubt that the corresponding § 1983 claim is time-barred, as the district court had concluded. *See Patterson v. County of Oneida,* 375 F.3d 206, 225 (2d Cir.2004) ("The statute of limitations applicable to claims brought under ... [§ ] 1983 in New York is three years."); *Covington v. City of New York,* 171 F.3d 117, 121–23 (2d Cir.1999) (holding that a false arrest claim accrues, at the latest, when the criminal prosecution is dismissed).

We have considered all of Logan's arguments, and we have found them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

---

1. The New York City Law Department was not served with Logan's complaint, *see* Fed. R.Civ.P. 4(c), 4(j)(2), and so declines to appear as counsel to the Police Department.

